Monell, J.
I am quite satisfied, upon all the evidence furnished on this motion, that the enterprise or *212 scheme set on foot in Washington, and having for its object the realizing of funds for the two charities named, was a lottery within 1 Her. Stat., 664, and was, therefore, an unlawful scheme. Looking only at the ticket, which, it is conceded, was issued by the managers, and which was sold by the defendant, there cannot be any reasonable doubt that the enterprise was of a character which brought it within the prohibition of the statute. But when taken in connection with the other proofs, the case becomes entirely clear.
The effect of the prohibition by the statute, is to render every contract or transaction connected with this unlawful scheme, wholly void, and of no effect; and more especially so, when the contract is to aid in the violation of the statute (De Groot n. Van Duzer, 20 Wend., 390; Rolfe v. Delmar, 7 Robt., 80).
In this case, the managers engaged in an unlawful enterprise, and employed the defendant to assist them in their violation of the law. Their own acts, in setting the lottery on foot, being, therefore, malum prohibitum,i their contract with the defendant cannot be enforced, and the plaintiff cannot maintain this action.
The object of the scheme, and the purpose to which it was designed, to bestow the proceeds, were such as commended them to a most favorable consideration. But the worthiness and excellence of the charities, does not remove the vice from the enterprise, or make it lawful and proper.
The result is, that the motion must prevail.